COLLATZ, Respondent, vs. FOX WISCONSIN AMUSEMENT
CORPORATION, Appellant.

*September 9—December 2, 1941.*

For the appellant the cause was submitted on the brief of
*Lines, Spooner & Quarles* of Milwaukee.

*W. B. Ferebee* of Milwaukee, for the respondent.

The following opinion was filed October 7, 1941:

FOWLER, J.    The plaintiff sues to recover from the defend-
ant the value of a half interest in an automobile which the

defendant offered as a prize in a contest participated in by the plaintiff, the entire interest in which the defendant awarded to a person other than the plaintiff. Trial was had to the court and findings made by the circuit judge. There is no bill of exceptions, so the case is before us for determination upon the findings, and such allegations of the complaint as are not denied by the answer. From the allegations of the complaint not denied it appears that the defendant publicly advertised that the fifteen persons who during a specified week most nearly guessed the number of beans in a jar publicly displayed during said week would be eligible to engage in a "Quiz Contest" held at defendant's theater at a time specified "until all but one (1) of their number should be eliminated," and that the winner in the contest would be awarded a new Chevrolet automobile; that the plaintiff was one of the fifteen who most nearly guessed the number of beans in the jar; that he duly notified the defendant that he would enter said contest, and was accepted by the defendant as a contestant therein, and participated in the contest. The trial judge found that the plaintiff was one of nine participants in the contest; that the contestants drew numbers by lot and seated themselves on the stage of the theater in the order they were to be quizzed and the plaintiff drew the first position; that the contestants were each asked a question in the order determined by the draw; that three contestants failed to answer correctly the first question put to them and thereby eliminated themselves; that two contestants failed to answer the second question put to them and thereby eliminated themselves; that two contestants failed to answer the third question put, and thereby eliminated themselves, thus leaving only the plaintiff and one other contestant in the contest; that the plaintiff failed to answer the fourth question put to him, and that the other remaining contestant failed to answer the fourth question put to him; that the manager of the defendant announced to the audience before commencement of the contest that the automobile would "be awarded to the person who

is last to be eliminated," and to the contestants that they would be "given fifteen seconds to answer each question," and if they did not so answer they "automatically" eliminated themselves. On the plaintiff and the other remaining contestant both failing to answer the fourth question, the manager peremptorily declared the contest ended, and the other contestant who was last asked the fourth question was declared the winner of the contest and was awarded the automobile. The judge found the value of the automobile to be $782; he also found as fact that "it was the intention of the defendant in conducting said contest that the award be given to the contestant who, by reason of his superior ability to answer questions of an intellectual nature, would by process of elimination survive all other contestants." As conclusion of law, the judge concluded that the construction of the words "the person last to be eliminated" in the announced rules of the contest required by necessary implication that such person must "be the sole successful survivor of the contest." On these findings and the facts admitted by answer, the trial judge concluded that the plaintiff was entitled to recover one half the value of the automobile and entered judgment accordingly.

The theory of the plaintiff is, and that of the trial judge was, that a contract relation existed between the plaintiff and the defendant, and that the defendant breached its contract by not going on with the contest until one of the two contestants who survived to the fourth "round" answered the question put to him in some succeeding "round" and the other in the same round failed to answer his question. But if so, this breach did not entitle the plaintiff to the car or to a half interest in it. He did not win the contest, he did not win anything, he did not become entitled to anything. He suffered no damage because of the defendant's breach of the contract, for it cannot be assumed nor is it susceptible of proof that had the contest proceeded to a proper finish he would have become the winner. The defendant caused no injury to the plaintiff by awarding

the car to the other contestant even though such other was not entitled to it as a prize. The defendant could give it away as and to whom it saw fit, and the plaintiff may not complain that it did not see fit to give it to him or to give him a half interest in it.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on December 2, 1941.